**KOLLER LAW LLC**  *Counsel for Plaintiff*
David M. Koller, Esquire (90119)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DARA O'BRIEN,** : | |
| **5105 N Park Street** : | **Civil Action No.** |
| **Pennsauken, NJ 08109** : | |
| Plaintiff, : | |
| v. : | **COMPLAINT AND** |
| : | **JURY DEMAND** |
| **SAKS FIFTH AVENUE, INC.,** : | |
| **2 Bala Plaza** : | |
| **Bala Cynwyd, PA 19004** : | |
| : | |
| **12 East 49th Street** : | |
| **New York, NY 10017** : | |
| Defendant. : | |

**CIVIL ACTION**

Plaintiff, Dara O'Brien (hereinafter "Plaintiff"), by and through her attorney, brings this civil matter against Defendant, Saks Fifth Avenue, Inc. (hereinafter, "Defendant"), alleging she was subject to unlawful violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Pregnancy Discrimination Act ("PDA") and the Pennsylvania Human Relations Act ("PHRA"), and avers and alleges as follows:

**THE PARTIES**

1. Plaintiff is an adult individual domiciled in the above captioned address.

2. Defendant is a luxury department store chain with a location at 2 Bala Plaza, Bala Cynwyd,

PA 19004 and with a corporate headquarters located at 12 East 49th Street, New York, NY 10017.

3. At all relevant times hereto, Defendant employed the requisite number of employees under the applicable statutes.

4. At all times hereto, Defendant employed managers, supervisors, agents and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decision, these individuals engaged in the practice of treatment which forms the basis of Plaintiff allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents and employees who acted directly or indirectly in the interest of the employer. In so acting these individuals engaged in the pattern and practice of treatment which forms the basis of the Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

7. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

8. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

9. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff exhausted her administrative remedies under Title VII. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

11. Plaintiff filed a timely written Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging gender and pregnancy discrimination against Defendant.

12. The Charge was assigned a Charge Number of 530-2021-03907 and was duly filed with the Pennsylvania Human Relations Commission ("PHRC").

13. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") by request and that Notice is dated July 2, 2020. Plaintiff received the notice by electronic mail.

14. Plaintiff files the instant Complaint within ninety (90) days of her receipt of the Notice of Right to Sue letter relative the Charge.

15. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

16. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## **FACTUAL SUMMARY**

17. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

18. On January 16, 2021, Defendant offered Plaintiff the position of Client Development Manager.

19. Plaintiff accepted the employment offer and began her employment with Defendant on February 15, 2021.

20. Plaintiff was well qualified for her position and performed well.

21. Shortly after Defendant offered Plaintiff the position of Client Development Manager, Plaintiff called Defendant to inform Ryan Williams, General Manager, of her pregnancy.

22. However, Plaintiff was informed that Mr. Williams was on vacation.

23. Plaintiff did not want to bother Mr. Williams while he was out on vacation, so she called Human Resources and notified Shumaina Tarafdar, Store Recruiter, of her pregnancy.

24. Ms. Tarafdar informed Plaintiff that she would inform Mr. Williams of her pregnancy and that Plaintiff was to notify him when he returned from vacation.

25. On or around February 10, 2021, Mr. Williams returned from vacation and Plaintiff informed him of her pregnancy.

26. Mr. Williams immediately reprimanded Plaintiff for not notifying him of her pregnancy.

27. When Plaintiff stated that she did not want to bother him while he was on vacation, he continued to reprimand her and stated that she had his cell phone number.

28. Plaintiff found Mr. Williams' response to be unprofessional, and it clearly showed that he was upset that she was pregnant.

29. Shortly after the start of Plaintiff's employment, Mr. Williams began to have one on one meetings with her every day or every other day.

30. After approximately two (2) weeks, Mr. Williams became overly critical of Plaintiff's work product and berated her during these meetings.

31. He did not provide Plaintiff with specifics on how she could improve.

32. Instead, when Plaintiff asked Mr. Williams what she could improve on, he stated "everything".

33. Mr. Williams also stated that Plaintiff "did not seem inspired" and that she was "not passionate enough".

34. In addition, Mr. Williams frequently picked on Plaintiff in front of her coworkers and during meetings as a way to humiliate her.

35. Mr. Williams' treatment only worsened, despite Plaintiff's team meetings its performance metrics.

36. Plaintiff did not complain about Mr. Williams' conduct because she was a newly hired employee and feared retaliation.

37. On March 20, 2021, Plaintiff met with Mr. Williams for their one on one meeting.

38. During this meeting, Mr. Williams continued his discriminatory treatment of her and proceeded to berate her for minor issues.

39. As a result of Mr. Williams' discriminatory conduct, Plaintiff was forced to resign her employment.

40. Plaintiff was constructively discharged.

41. Mr. Williams did not treat Plaintiff's non-pregnant employees in a similar manner.

42. It is Plaintiff's position that she was discriminated against due to her gender and pregnancy in violation of Title VII/PDA.

## COUNT I – PREGNANCY DISCRIMINATION
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED/PREGNANCY DISCRIMINATION ACT</u>

43. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

44. Plaintiff is a member of a protected class in that she is pregnant.

45. Plaintiff was qualified to perform the job for which she was hired.

46. Defendant did not provide Plaintiff with a reasonable accommodation.

47. Defendant forced Plaintiff to terminate her employment.

48. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

49. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

50. Defendant discriminated against Plaintiff on the basis of her pregnancy.

51. Defendant treated non-pregnant employees better than it treated Plaintiff.

52. Defendant has not legitimate non-discriminatory reason for its action.

53. As a result of Defendant's unlawful pregnancy discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – PREGNANCY DISCRIMINATION
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED/PREGNANCY DISCRIMINATION ACT</u>

54. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if

the same were set forth more fully at length herein.

55. Plaintiff is a member of a protected class in that she is pregnant.

56. Plaintiff was qualified to perform the job for which she was hired.

57. Defendant did not provide Plaintiff with a reasonable accommodation.

58. Defendant forced Plaintiff to terminate her employment.

59. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

60. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

61. Defendant discriminated against Plaintiff on the basis of her pregnancy.

62. Defendant treated non-discriminatory reason for its actions.

63. As a result of Defendant's unlawful pregnancy discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Dara O'Brien, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future monetary losses as a result of Defendant unlawful discrimination;

(b) Compensatory damages;

(c) Punitive damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII/PDA and the PHRA.

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED, |
|  | **KOLLER LAW LLC** |
| Date: September 28, 2021 | By: */s/ David M. Koller* <br> David M. Koller, Esquire <br> 2043 Locust Street, Suite 1B <br> Philadelphia, PA 19103 <br> T: (215)-545-8917 <br> F: (215)-575-0826 <br> davidk@kollerlawfirm.com <br><br> *Counsel for Plaintiff* |